**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

RAFAEL MURILLO-GUZMAN,

 Petitioner,

vs.

UNITED STATES OF AMERICA,

 Respondent.

No. C08-4003-MWB
(No. CR07-4003-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
 *A. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . 2
 *B. The Petitioner's Charges, Plea, and Sentence* . . . . . . . . . . . . . . . . . . . 3

*II. EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
 *A. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
 *B. The Merits* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
 *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## I. INTRODUCTION AND BACKGROUND

### A. *The Petitioner's § 2255 Motion*

This case comes before the court pursuant to petitioner Rafael Murillo-Guzman's *Pro Se* Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1). Petitioner Murillo-Guzman raises seven grounds for vacating or modifying his sentence in his § 2255 motion but has only briefed one.[1] That issue, although confusing and vaguely stated, is construed by this court as an argument that his constitutional rights were violated when the court failed to consider the allegedly discriminatory collateral consequences of Bureau of Prison ("BOP") regulations applicable to deportable aliens and reduce his sentence accordingly. The prosecution argues that the Eighth Circuit Court of Appeals has previously held that the BOP regulations based on deportable status are not

---

[1] With respect to the other six issues, petitioner Murillo-Guzman has merely provided the following laundry list of alleged errors:

> (1) Inaccurate information in the PSI report.
> (2) Illegal sentence.
> (3) Ineffective assistance of counsel.
> (4) Counsel's failure to investigate or call witnesses.
> (5) Error in guideline calculation.
> (6) Counsel failed to research, and apply skillful diligence in defending his client.

Motion at 1. Petitioner Murillo-Guzman has not briefed any of these issues or otherwise supported them by making any references to the record or applicable law. Accordingly, these claims are deemed waived or abandoned, and denied as such. *See United States v. Eldeeb,* 20 F.3d 841, 843 (8th Cir. 1994) ("[A] party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.") (internal quotation marks, citation omitted).

collateral consequences that justify a departure from the sentencing guidelines and, therefore, petitioner Murillo-Guzman's claim fails.

### *B. The Petitioner's Charges, Plea, and Sentence*

On January 25, 2007, an indictment was returned against petitioner Murillo-Guzman, charging defendant with conspiring to distribute and possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. On June 14, 2007, petitioner Murillo-Guzman entered a plea of guilty to Count 1 of the indictment. On October 19, 2007, petitioner Murillo-Guzman was sentenced to 81 months imprisonment, 48 months of supervised release and a $100 special assessment. Petitioner Murillo-Guzman did not appeal his sentence.

## *II. EVIDENTIARY HEARING*

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that petitioner Murillo-Guzman is entitled to no relief and will, therefore, not hold a hearing in this case. *See id.*

3

### III. LEGAL ANALYSIS

#### A. *Procedural default*

The first question the court must address is whether petitioner Murillo-Guzman's claim is procedurally defaulted because he could have raised it on appeal and did not. The Eighth Circuit Court of Appeals has held that a petitioner is barred from bringing an action under § 2255 for unappealed errors to which no contemporaneous objection was made, unless he can show both "cause" excusing his double procedural default, and "actual prejudice" resulting from the errors of which he complains. *Reid v. United States,* 976 F.2d 446, 448 (8th Cir. 1992) (citing to *United States v. Frady,* 456 U.S. 152, 165 (1982)). The Eighth Circuit Court of Appeals later clarified, in dicta, that even where claims filed pursuant to § 2255 are construed as being constitutional or jurisdictional in nature, the petitioner would still be required to show cause and prejudice to excuse a procedural default. *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994); *see also United States v. Ward,* 55 F.3d 412, 413 (8th Cir. 1995) ("[A]ll arguments, even constitutional or jurisdictional ones should be made at trial and on direct appeal."). Subsequently, citing to *Frady,* the Eighth Circuit Court of Appeals held that a movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996).

Application of the cause and prejudice standard to petitioner Murillo-Guzman's claim leads to the clear conclusion that he cannot establish cause and prejudice to excuse his procedural default. Ineffective assistance of counsel may constitute cause and prejudice to overcome a procedural default. *Becht v. United States,* 403 F.3d 541, 545 (8th Cir. 2005)(citing to *Boysiewick v. Schriro,* 179 F.3d 616, 619 (8th Cir. 1999)). Absent unusual circumstances, showing ineffective assistance of counsel satisfies both

cause and prejudice requirements for raising a constitutional issue for the first time on collateral review. *Unites States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996). Petitioner Murillo-Guzman's *Pro Se* § 2255 motion is silent, however, with regard to the performance of his counsel. He does not make any allegation that can be construed to allege ineffective assistance of his counsel. Neither does petitioner Murillo-Guzman claim that he is actually innocent of the charge. *Bousley v. United States,* 523 U.S. 614, 623, 118 S. Ct. 1604 (1988) (actual factual innocence can constitute cause and prejudice excusing procedural default).

Further, petitioner Murillo-Guzman's claim cannot be said to be so "novel that its legal basis was not reasonably available to counsel" at the time of his sentencing. *Bousley,* 523 U.S. at 622 (finding no procedural default where counsel had a "reasonable basis" for failing to raise an issue previously when a new constitutional rule represented a clear break with the past). Here, while the argument that the court's sentence was unconstitutional because it failed to consider the allegedly discriminatory collateral consequences of the regulations of the BOP may be "novel" in the common sense of the word, the court does not feel that it falls into the category of "novelty" as contemplated by *Bousley*. The basis for petitioner Murillo-Guzman's argument is centered on two familiar and historically well-developed theories of law: equal protection as applied in the context of a prisoner and consideration of collateral consequences during criminal sentencing procedures. *See Engle v. Isaac,* 456 U.S. 107, 134 (1982) (where the basis of a constitutional claim is available and other defense counsel have perceived and litigated that claim, no excuse for procedural

default). Thus, petitioner Murillo-Guzman's procedural default is not excused by the "novelty" of the issue. Therefore, this part of petitioner Murillo-Guzman's motion is denied as procedurally defaulted.

*B. The Merits*

Although this court does not believe that petitioner Murillo-Guzman's procedural default is excused by the "novelty" of the issue, even if it were to assume so, this court would determine that petitioner Murillo-Guzman's claim also fails on the merits. On a § 2255 motion, the burden of proof is on the petitioner to show that his sentence must be vacated. *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 468-469 (1938)). Petitioner Murillo-Guzman asserts that, because of his status as a deportable alien, pursuant to BOP regulations, he does not qualify to have 10 percent of his sentence served in a halfway house or other community program, and he cannot receive camp status. Petitioner Murillo-Guzman claims that this essentially requires him to serve 6 months more than he would if he were not a deportable alien. Petitioner Murillo-Guzman asserts that this constitutes discrimination against him on the basis of "national origin" and that the district court imposed an unconstitutionally discriminatory sentence when it failed to take these collateral considerations into account.

In order to establish an equal protection claim, a prisoner must prove the existence of purposeful discrimination. *See Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007); *Munson v. Norris,* 435 F.3d 877, 880 (8th Cir. 2006); *Batra v. Board of Regents,* 70 F.3d 717, 721 (8th Cir. 1996); *Snowden v. Hughes,* 321 U.S. 1, 8 (1944). Discriminatory purpose can be proved with various kinds of direct and circumstantial evidence, but is most often proved with evidence that similarly situated inmates were treated differently. *Lewis v. Jacks*, 486 F.3d at 1028. A prisoner must show that he is treated differently from

similarly-situated inmates and that the different treatment is based upon either a suspect classification or a "fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 816 (8th Cir. 2008) (citing to *Weems v. Little Rock Police Dep't.*, 453 F.3d 1010, 1016 (8th Cir. 2006) *cert. denied*, *Weems v. Johnson,* 127 S.Ct. 2128 (2007). Inmates do not have a due process liberty interest in a particular classification. *See Kennedy v. Blankenship,* 100 F.3d 640, 642 n.2, 643 (8th Cir, 1996). National origin is a prohibited factor; however, a person's legal status as a deportable alien is not synonymous with national origin. *United States v. Lopez-Salas,* 266 F.3d 842, 846 n.1 (8th Cir. 2001).

While petitioner Murillo-Guzman appears to allege that the BOP regulations are discriminatory based on his alienage or national origin, he makes no argument that the regulations are applicable to deportable aliens of only his national origin. Petitioner Murillo-Guzman also has not established that the regulations discriminate against him on the basis of his alienage; he does not allege that they apply to aliens who are in the United States legally and are not subject to deportation. The only status that subjects petitioner Murillo-Guzman to the complained of regulations is his status of being illegally in the United States and subject to deportation. Petitioner Murillo-Guzman does not allege any facts to support an assertion that he is treated any differently, based on his alienage or national origin, than any other incarcerated individual who is illegally in the United States and is subject to deportation. *See Lewis,* at 1028; *see also Lopez-Salas,* 266 F.3d at 848 (discussing the failure to distinguish the position of a deportable alien from other inmates who are categorically excluded from eligibility for early release after completion of the drug treatment program in a case reversing the district court's granting of a downward departure). Therefore, because petitioner Murillo-Guzman has not established that the collateral consequences he complains of were discriminatory, his sentence could not be unconstitutional for failing to consider them as grounds for reducing his sentence.

Further, the Eighth Circuit Court of Appeals has previously held that the collateral consequences flowing from the fact of being a deportable alien are not generally sufficient to justify a departure from the sentencing guidelines absent a showing of some additional facts concerning the defendant's individual circumstances that make the particular case atypical or unusual. *See U.S. v. Rodriguez,* 29 Fed. Appx. 406, 407 (8th Cir. 2002) (citing to *United States v. Lopez-Salas,* 266 F.3d 842 (8th Cir. 2001)). In applying this same standard to petitioner Murillo-Guzman's case, this court finds that petitioner Murillo-Guzman has not raised any additional facts related to his circumstances that would make his case atypical or unusual; therefore, this court will not find that it had an obligation to reduce petitioner Murillo-Guzman's sentence to make an adjustment for the BOP regulations.

### C. *Certificate Of Appealability*

Denial of Petitioner Murillo-Guzman's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from: (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.

1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that petitioner Murillo-Guzman has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of petitioner Murillo-Guzman's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, petitioner Murillo-Guzman does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## IV. CONCLUSION

Petitioner Murillo-Guzman's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 22nd day of September, 2009.

                                              MARK W. BENNETT
                                              U. S. DISTRICT COURT JUDGE
                                              NORTHERN DISTRICT OF IOWA